UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

KEIARRE LaJOHN BAKER,
*No. 1714247*,

          Petitioner,

v.                            Civil Action No. 2:17cv653

HAROLD W. CLARKE,
*Director, Virginia Department
of Corrections*,

          Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Keiarre Baker is a Virginia inmate sentenced to 60 years' imprisonment, with 49 years suspended, following his conviction for object sexual penetration and sodomy. His federal petition for habeas corpus challenges the sufficiency of the evidence against him and the effectiveness of his trial counsel. Respondent moved to dismiss the petition, and the matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72(b) of the Federal Rules of Civil Procedure.

Baker has properly exhausted his sufficiency of the evidence and ineffective assistance of counsel claims, but he does not plausibly allege entitlement to federal relief under the deferential standard of 28 U.S.C. § 2254(d). Accordingly,

this Report RECOMMENDS that the court GRANT Respondent's motion (ECF No. 6), and DISMISS the Petition (ECF No. 1).

## I.  <u>STATEMENT OF THE CASE</u>

Following a bench trial, the Circuit Court for Mecklenburg County, Virginia, convicted Baker of object sexual penetration and sodomy.  Sentencing Order, <u>Commonwealth v. Baker</u>, No. CR15-68-00,-01 (Va. Cir. Ct. Oct. 13, 2015).  Final judgment was entered on April 14, 2016.  The court sentenced Baker to a total of 60 years' imprisonment with 49 years suspended, for an active sentence of 11 years.  <u>Id.</u>

Baker appealed his conviction to the Court of Appeals of Virginia, which denied the appeal.  <u>Baker v. Commonwealth</u>, No. 1854-15-2 (Va. Ct. App. Apr. 1, 2016) (per curiam).  He argued on appeal that the evidence presented at trial was insufficient to prove his victim had not given her consent to the sexual contact between them.  In denying his appeal, the Court of Appeals summarized the evidence relevant to his argument as follows:

> [O]n March 9, 2015, [Baker] unexpectedly encountered the victim at her place of employment.  The victim explained that she and [Baker] had known each other since they were in middle school.  She testified they remained friends and kept in contact intermittently. The two had lunch together, and the victim observed that [Baker] had been "more flirtatious" than usual. After lunch, the victim accompanied [Baker] back to a truck stop to view the inside of his tractor trailer truck.  The victim agreed to get inside the truck, but warned [Baker] "not to try anything."

The two conversed in the truck, and [Baker] invited the victim to visit him in Georgia where he lived. The victim refused and explained that she "just saw him as a friend" and did not want to be romantically involved. When she prepared to leave the truck, [Baker] asked for a hug. The victim complied, and [he] pulled her into his lap and began kissing her and touching her. [Baker] pulled the victim onto the bed in the truck's cab as she attempted to leave. [Baker] pulled down the victim's clothing and forcefully penetrated her vagina with his finger. The victim repeatedly told [Baker] to stop and attempted to push him away. [Baker] pinned the victim down and inserted his tongue in her vagina. When [Baker] began removing his pants, the victim was able to exit the truck.

[Baker] confronted the victim as she sat in her car and stated "he didn't know what came over him or why he did that." As she was driving home, [Baker] called her and sent her text messages. In one message, he apologized for "being so rough" and explained that he "just had to do it."

The victim went to an emergency room and reported the incident. Dr. Christopher Alexander examined her, noting that she suffered two abrasions on her vaginal area that were consistent with trauma.

[Baker] spoke with the police the following day. He initially denied that he had engaged in any of the sexual activity with the victim the day before. Later, [Baker] admitted the activity occurred, but maintained that it was consensual.

Id. at 2-3. Baker maintained in his appeal that his testimony at trial that the sexual contact was consensual was accurate. Id. at 3. The Virginia Court of Appeals found that the record supported the trial judge's determination that the victim's account of events was more credible than Baker's. Id. The Court of Appeals noted,

[The victim] provided a consistent and detailed account of the events. Her trial testimony was corroborated in part by her initial statement to the doctor and by the results of her medical examination. Furthermore, Baker's repeated apologies to the victim combined with his false statements to the police suggest his claim that the activity was consensual is false. The record supports the trial court's credibility determination.

Id.

Baker next demanded a three-judge review of his case from the Virginia Court of Appeals. Notice, Baker, No. 1854-15-2 (Apr. 6, 2016). This demand was refused. Order, Baker, No. 1854-15-2 (June 27, 2016). Thereafter, Baker filed a petition for appeal in the Supreme Court of Virginia, which was also refused. Baker v. Commonwealth, No. 160998 (Va. Feb. 10, 2017).

On April 11, 2017, Baker timely sought a writ of habeas corpus in the Supreme Court of Virginia. Baker asserted the following claims:

(1) He was denied the effective assistance of counsel when his trial attorney failed to object to the court's lack of subject matter jurisdiction over the animate object penetration charge.

(2) He was denied the effective assistance of counsel when his trial attorney failed to object to the court's trying the animate object penetration charge and sodomy charge together.

(3) He was denied the effective assistance of counsel when his trial attorney failed to argue at trial that he was improperly denied a preliminary hearing.

(4) He was denied the effective assistance of counsel when his trial attorney failed to object to Baker's not having been arraigned prior to trial.

(5) He was denied the effective assistance of counsel when his trial attorney advised him to waive his right to a jury trial without advising him that a bench trial could benefit the Commonwealth.

State Pet. at 3-13 (included in records from Va. S. Ct.).

The Supreme Court of Virginia denied and dismissed Baker's habeas petition.  <u>Baker v. Dir. Of Va. Dep't of Corr.</u>, No. 170468, at 1 (Va. Oct. 20, 2017).  The Supreme Court considered all of Baker's ineffectiveness claims against the standard established in <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984).

The Supreme Court rejected Baker's first two claims of ineffectiveness, holding that neither alleged deficient performance because the arguments underlying both claims were futile.  <u>Baker</u>, No. 170468, at 1-3.  The Supreme Court also held that it was not deficient performance for his attorney to have passed over objecting to the lack of a preliminary hearing or an arraignment.  <u>Id.</u> at 3-5.  The court found Baker had not demonstrated that there was a reasonable probability that he suffered some prejudice because of these decisions.  <u>Id.</u> Finally, the Supreme Court found it was not deficient performance for Baker's attorney not to have informed him that the prosecution might benefit from a bench trial rather than a

jury trial. Id. at 5-6. It also found that Baker had demonstrated no reasonable probability that he suffered some prejudice because he did not have this information. Id. Thus, the Virginia Supreme Court dismissed Baker's Petition in its entirety, having examined each claim on its merits against the appropriate legal standard.

On December 20, 2017, Baker timely filed his federal petition for a writ of habeas corpus in this court.[1] Baker's federal petition raises one claim that the evidence against him was insufficient to convict him and five claims alleging constitutional ineffectiveness of his trial counsel. Specifically, he argues:

> (1) The evidence at trial was insufficient to convict him of object sexual penetration and sodomy;

> (2) He was denied the effective assistance of counsel when his trial attorney failed to object to the court's lack of subject matter jurisdiction over the animate object penetration charge.

> (3) He was denied the effective assistance of counsel when his trial attorney failed to object to the court's trying the animate object penetration charge and sodomy charge together.

> (4) He was denied the effective assistance of counsel when his trial attorney failed to argue at trial that he was improperly denied a preliminary hearing.

> (5) He was denied the effective assistance of counsel when his trial attorney failed to object to Baker's not having been arraigned prior to trial.

---

[1] Respondent does not dispute that Baker's Petition was timely filed. See Resp't's Br. (ECF No. 7).

(6) He was denied the effective assistance of counsel
when his trial attorney advised him to waive his right
to a jury trial.

Pet. at 4-23 (ECF No. 1).

The court has jurisdiction under 28 U.S.C. § 2254, and venue is proper in this court because Baker's conviction occurred in the Eastern District of Virginia. See 28 U.S.C. §§ 127, 2241(d). Respondent filed a motion to dismiss, arguing that Baker's claims are without merit. See Respondent's Brief (ECF No. 12). The filing included the required notice to pro se parties under Roseboro v. Garrison, 528 F. 2d 329, 329-30 (4th Cir. 1975). See Notice (ECF No. 8). Baker responded to the motion. Pet.'s Br. (ECF No. 9). The motion to dismiss is therefore ripe for judicial review.

## II.   RECOMMENDED FINDINGS OF FACT AND CONCLUSIONS OF LAW

### a.   Baker has properly exhausted all six claims in his federal petition.

Petitions for writs of habeas corpus filed pursuant to 28 U.S.C. § 2254 challenge a state's custody over a petitioner on the grounds that such custody violates the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Before applying for federal habeas relief, however, a petitioner must first exhaust the remedies available in state court or demonstrate the absence or ineffectiveness of such remedies. 28 U.S.C. § 2254(b)(1). Therefore, before a state prisoner can

apply for federal habeas relief, he must first give the state court an opportunity to consider alleged constitutional errors occurring in the state proceeding. Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998). "To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997).

Here, Baker included his insufficiency of the evidence claims in his appeals to the Virginia Court of Appeals, which decided those claims on their merits, and he also included those claims in his petition for an appeal to the Virginia Supreme Court, which refused his petition. He presented his ineffective assistance of counsel claims to the Virginia Supreme Court in his petition to that court for a writ of habeas corpus. The Virginia Supreme Court denied his petition and dismissed all five ineffective assistance claims in a detailed, written opinion. Thus, all of the claims Baker asserts in his federal petition are exhausted.

Once a petitioner's state remedies have been exhausted, a federal court still may not grant relief on any claim adjudicated on the merits by the state court, unless the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law" or "resulted in a decision that was based on an

unreasonable determination of the facts." 28 U.S.C. § 2254(d)(1)-(2).[2] Therefore, the court is obliged to analyze this claim under 28 U.S.C. § 2254(d) by assessing the reasonableness of the state courts' reasoned decisions affirming Baker's conviction and denying his state petition for a writ of habeas corpus. See Ylst v. Nunnemaker, 501 U.S. 797, 805 (1991) (holding that the federal habeas court looks to the last explained state court judgment).

**b.    The Virginia Supreme Court correctly assessed the sufficiency of the evidence.**

An essential element of the right to due process secured by the Fourteenth Amendment is that "no person shall be made to suffer the onus of a criminal conviction except upon sufficient proof - defined as evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense." Jackson v. Virginia, 443 U.S. 307, 316 (1979) (citing In re Winship, 397 U.S. 358 (1970)). Therefore, a petitioner who alleges that the evidence was insufficient to sustain a conviction has stated a constitutional claim cognizable in a federal habeas corpus proceeding. Id. at 321.

---

[2] A state court's decision is contrary to clearly established federal law if the court arrives at a conclusion opposite to one reached by the Supreme Court on a question of law, or decides a case differently than the Supreme Court on a set of materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court unreasonably applies clearly established law if it identifies the correct legal principle, but unreasonably applies it to the facts of the case. Id. at 413. A state court makes an unreasonable determination of fact when its application of the law depends, in whole or in part, on a factual finding that is not supported by evidence in the record. See Wiggins v. Smith, 539 U.S. 510, 528 (2003).

In reviewing a sufficiency of the evidence claim, the relevant inquiry is "whether, after viewing the evidence in the light most favorable to the prosecution, <u>any</u> rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." <u>Id.</u> at 319 (emphasis in original). The reviewing court must consider circumstantial as well as direct evidence, and allow the prosecution the benefit of all reasonable inferences from the facts proven to those sought to be established. <u>United States v. Tresvant</u>, 677 F.2d 1018, 1021 (4th Cir. 1982).

As the Supreme Court has expressly recognized, it is wholly the responsibility of the fact-finder to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences. <u>Jackson</u>, 443 U.S. at 319. In <u>Wright v. West</u>, the Supreme Court expounded upon <u>Jackson</u>, stating:

> In <u>Jackson</u>, we emphasized repeatedly the deference owed to the trier of fact and, correspondingly, the sharply limited nature of constitutional sufficiency review. We said that "<u>all of the evidence</u> is to be considered in the light most favorable to the prosecution"; that the prosecution need not affirmatively "rule out every hypothesis except that of guilt"; and that a reviewing court "faced with a record of historical facts that supports conflicting inferences must presume – even if it does not affirmatively appear in the record – that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.

505 U.S. 277, 296-97 (1992) (emphasis in original) (internal citations omitted).

Here, the Court of Appeals of Virginia conducted a full review of Baker's claim, and concluded that there was sufficient evidence to convict him. Thus, Baker is only entitled to relief if that determination was an unreasonable application of the above-cited Supreme Court precedent. The undersigned finds that it was not.

Baker was convicted of object sexual penetration and sodomy. Sentencing Order, Baker, No. CR15-68-00,-01. The crime of object sexual penetration can be penetration of the labia majora or anus of a person against the will of the person, by force, threat or intimidation of or against the person, or through the use of the person's mental incapacity or physical helplessness. Va. Code. § 18.2-67.2.

The evidence presented at trial, which the Virginia Court of Appeals accurately summarized, was sufficient for a reasonable trier of fact to find that Baker committed object sexual penetration and sodomy. The victim testified that she told Baker to stop when he began performing the penetrative sexual contact underlying the charges against him. Trial Tr. at 36 (Question: "[W]hen he was putting his finger in your vagina . . . is he holding you, you said?" Answer: "Yes, he had his other hand on my thigh." Question: "Did you try to get away?" Answer: "I was telling him to stop."), 37 (Question: "[D]id he put his tongue in your vagina?" Answer: "Yes."

Question: "At that point, did you tell him to stop?"  Answer: "Yes."), Baker, No. CR15-68-00,-01 (Va. Cir. Ct. June 22, 2015). Baker admitted to the sexual contact, but he testified at trial that the victim consented.  Id. at 178-82.

Baker's claim of consent was contradicted by the victim who provided a consistent and detailed account of the events.  Id. at 21-107.  The physician who examined her after the attack also testified: he recalled her initial statement describing the incident and was able to summarize the results of his examination of her, See id. at 122 ("[S]he said she had been sexually assaulted previously that day and that's why she was there to be checked out."), 125 (On examination, "she had two abrasions.  One abrasion was on the external side of the lateral – the lateral external labia majora and the other region was the internal left labia majora."), 132 (Question: "The victim told you what she said happened.  Was her story consistent with the injuries you observed to the – well, to the trauma you observed to the labia majora?"  Answer: "Yes.").  The doctor's recollection of the victim's description of the attack and his evaluation of her injuries largely corroborated the victim's testimony about the attack.  Furthermore, Baker apologized to the victim by text message the day of the attack.  E.g. id. at 44 ("Sorry for being so rough.  I just had to do it."), 46 ("You making me feel bad.  When you feel comfortable talk to me.  I

don't want to lose a good friendship.   I apologize.").[3]   Baker also initially lied to investigators by telling them he had had no sexual contact with the victim that day.   Id. at 257-58.   It was only after being pressed by the detective that Baker admitted to sexual contact with the victim.   Id. at 258.   These facts all support the trial court's determination that the victim's testimony was more credible than Baker's.

The trial court relied on this evidence to render a guilty verdict on Baker's object sexual penetration and sodomy charges. The evidence is not inherently incredible or such that any rational trier of fact could not have convicted him.   The Court of Appeals' conclusion that this evidence was sufficient to support Baker's conviction was not contrary to or based on an unreasonable application of federal law.   See 28 U.S.C. § 2254(d).   Accordingly, Baker has not plausibly alleged a due process violation resulting from the sufficiency of the evidence against him.

c.   **Baker has not established that the Virginia Supreme Court was incorrect under the AEDPA standard when it held that he was not denied constitutionally effective assistance of counsel at his trial.**

In all five ineffective assistance of counsel claims, the Virginia Supreme Court identified and applied the appropriate

---

[3] Screenshots of these messages were entered as exhibits in the trial after verification by the victim.   Trial Tr. at 43-46, Baker, No. CR15-68-00,-01. The victim read the recorded text messages aloud.   Id.

legal standard, the Strickland test.  What remains, then, is an assessment of the Supreme Court's fact finding and the application of those facts under the Strickland test.  The state court's factual findings are presumed correct.  Only if Baker can establish an unreasonable determination of fact by clear and convincing evidence, may this court consider his habeas claims and award relief.  Green v. Johnson, 515 F.3d 290, 299 (4th Cir. 2008) (citing 28 U.S.C. § 2254(d)).

In reviewing an ineffective assistance of counsel claim, the relevant inquiry is whether the petitioner's attorney's "unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect."  Kimmelman v. Morrison, 477 U.S. 365, 374 (1986).  "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."  Strickland, 466 U.S. at 687.  In order for Baker to succeed on his ineffectiveness claims, he must satisfy both the "performance" and the "prejudice" prongs of the two-part test set forth in Strickland, 466 U.S. at 687.[4]  To satisfy the "performance" prong of the test, he must show that "counsel made

---

[4] As both prongs of the test are "separate and distinct elements" of an ineffective assistance claim, Freeman must satisfy both requirements of the test to prevail on the merits.  Spencer v. Murray, 18 F.3d 229, 232-33 (4th Cir. 1994); see also Strickland, 466 U.S. at 697.

errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. To satisfy the "prejudice" prong of the test, petitioner must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.[5] "Although Strickland is a two-prong test, 'a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed.'" Rodriguez v. Bush, 842 F.3d 343, 346 (4th Cir. 2016) (citing Strickland, 466 U.S. at 697).

In addition to the presumption of reasonableness accorded to counsel's decisions, because the Supreme Court of Virginia rejected Baker's claims, review in this court is "doubly deferential." Burt v. Titlow, 134 S. Ct. 10, 13 (2013) (quoting Cullen v. Pinholster, 563 U.S. 170, 190 (2011)); see, e.g., Burr v. Lassiter, 513 F. App'x 327, 340 (4th Cir. 2013) (unpublished) ("[W]here the issue is whether the state court has unreasonably applied Strickland standards to an ineffective assistance of

---

[5] The Supreme Court went on to define a "reasonable probability" as "a probability sufficient to undermine confidence in the outcome." Strickland 466 U.S. at 694.

counsel claim, 'double deference' is required – deference to the state court judgment granting deference to trial counsel's performance."); see also Yarborough v. Gentry, 540 U.S. 1, 6 (2003). "If this standard is difficult to meet, that is because it was meant to be," and "even a strong case for relief does not mean that the state court's contrary conclusion was unreasonable." Burr, 513 F. App'x at 341 (quoting Harrington v. Richter, 562 U.S. 86, 102 (2011)). Federal habeas review, as controlled by Congress' enactment of Section 2254, "exists as 'a guard against extreme malfunctions in the state criminal justice system, not a substitute for ordinary error correction through appeal.'" Id. at 5 (quoting Harrington, 562 U.S. at 102-03)). Thus, to warrant federal habeas relief, the state court must have issued a decision contrary to a "clearly established holding of [the Supreme Court]," such that the ruling "was so lacking in justification that there was an error well understood and comprehended in existing law." Id. (quoting Harrington, 562 U.S. at 103). For example, in Woods, the Supreme Court reversed the Court of Appeals' grant of Section 2254 relief where defense counsel was absent from the courtroom for ten minutes of examination of a witness testifying to his client's codefendants' actions, and the state habeas court denied relief. Id. at 6 (quoting Lopez v. Smith, 135 S. Ct. 1, 4 (2014) (per curiam)) ("Because none of our cases confront 'the specific

question presented by this case,' the state court's decision could not be 'contrary to' any holding from this Court."). Applying the foregoing standard, none of Baker's ineffective assistance claims present an "extreme malfunction[] in the state criminal justice system," warranting federal habeas relief.  <u>Id.</u> at 5.

In Baker's first two ineffective assistance claims, he argues it was deficient assistance of counsel for his attorney not to have argued the Mecklenburg County Circuit Court lacked subject matter over the charges against him.

First, Baker takes issue with the fact that, prior to his trial, the Commonwealth dropped the charge by nolle prosequi and then re-charged him with the same offense by direct indictment. Baker argues the Circuit Court had no jurisdiction over the charge on which he was indicted because he was not notified that the original charge was dropped.[6]

Second, he argued without any supporting citations that, since the court lacked jurisdiction over the object sexual penetration charge, it could not have jurisdiction over the sodomy charge in the same proceeding.  Pet. at 15-17 (ECF No. 1).

---

[6] Baker's attorney, in an affidavit offered by the Respondent to the Supreme Court, attested that he <u>did</u> notify Baker that the charges had been dropped and re-filed.  Jackson Aff. at 2.

The Virginia Supreme Court rejected both of these arguments on the grounds that a defendant's knowledge of a pending charge has no relation to whether a court has subject matter jurisdiction over that charge and that Circuit Courts have jurisdiction over all felonies in Virginia. Baker, No. 1714247, at 2 (citing Va. Code § 17.1-513). Relying on Correll v. Commonwealth, 232 Va. 454, 469-70 (1987), the Supreme Court held that Baker's attorney's performance was not ineffective because he did not make a futile objection. In addition, the Supreme Court found that Baker could not prove that his trial would have had a different outcome if counsel had acted differently because the argument against subject matter jurisdiction was meritless. Id.

Particularly persuasive here is that it was the Supreme Court of Virginia that resolved this issue against Baker. The question of whether the trial court had jurisdiction over the criminal charges was governed by Virginia law alone. See Va. Code § 17.1-513. In this court, Baker merely reiterates the arguments which were rejected by the Supreme Court of Virginia. He has failed to explain how the Supreme Court's determination of the issue against him was unreasonable. Because he has not overcome the double deference this court owes the Supreme Court of Virginia's findings on these ineffective assistance claims,

he is not entitled to a writ of habeas corpus based on these claims.

Baker next argues his trial attorney was constitutionally ineffective by failing to object to the fact that there was no preliminary hearing on the charges against him.  Pet. at 19-21 (ECF No. 1).  The Supreme Court considered this claim and rejected it:

> The record, including counsel's affidavit, demonstrates counsel decided not to object to the Commonwealth's motion to nolle prosequi his charges because petitioner, who counsel believed was "extremely afraid of the criminal process" and potentially suicidal, was allowed to remain on bond instead of being rearrested on the new indictment. Once the circuit court retained jurisdiction over the case, counsel could reasonably have determined any argument that the general district court improperly granted the Commonwealth's motion to nolle prosequi the charges would have been futile because the circuit court lacked jurisdiction to review the general district court's ruling.  Having reached that conclusion, counsel reasonably decided not to pursue the motion seeking to have the case remanded to the general district court.

Baker, No. 1714247, at 3-4 (citing Wright v. Commonwealth, 52 Va. App. 690, 706, (2008) (en banc) (holding circuit courts lack jurisdiction to review a general district court's decision to enter an nolle prosequi order)); Correll, 232 Va. at 469-70).

It was not an unreasonable determination of fact for the Supreme Court of Virginia's to find that Baker's counsel's decision not to object to the lack of a preliminary hearing resulted in no prejudice to him.  As with his other claims,

Baker has not identified any error, instead merely reiterating the claims made in state court. Because Baker has not overcome the double deference this court owes the Supreme Court of Virginia's findings on this claim, it cannot be the basis for granting a writ of habeas corpus. See Rodriguez, 842 F.3d at 346.

Baker next argues it was ineffective assistance for his trial attorney to not object to the fact that he was not arraigned on the charges on which he was eventually convicted.[7] Pet. at 21-23 (ECF No. 1).

The Supreme Court rejected this claim. It held that the record of the proceedings in the trial court indicated that Baker, through counsel, waived the reading of the charges against him. Because he had waived the reading of the charges, which is an arraignment, it was not error for the trial attorney not to have objected to the lack of an arraignment. Id. at 4-5.

The Supreme Court also found that there was no prejudice that resulted from this decision because, if there had been an objection, it would have failed. Baker, No. 1714247, at 4-5. It was not an unreasonable determination of fact for the Supreme Court of Virginia's to find that Baker's attorney's decision not

---

[7] Baker does not contend that his attorney's decision to enter the waiver was deficient performance, though the Supreme Court noted that even that claim would have failed because no harm could have come to Baker from the waiver: he does not contend he was unaware of the charges against him, and there was no flaw in the plea he entered in the case. Baker, No. 1714247, at 4-5.

to object to the lack of an arraignment after Baker waived one was reasonable.   The record clearly reflects Baker's waiver of the reading of the charges.   Trial Tr. at 9, Baker, No. CR15-68-00,-01 (Question from the court: "Is there a waiver of the formal reading of the two indictments?"   Answer from Baker's trial attorney: "Yes, sir, there is.").   Also, it was not an unreasonable determination of fact for the Supreme Court to find that no prejudice resulted from that decision.   Because he has not overcome the double deference this court owes the Supreme Court of Virginia's finding on this claim, it cannot be the basis basis for granting a writ of habeas corpus.

Baker's final claim is that his trial attorney did not provide him constitutionally effective assistance of counsel he failed to advise him that waiving his right to a jury trial "may give the Commonwealth an advantage."   Pet. at 23 (ECF No. 1). The Supreme Court rejected this claim:

> The record, including the trial transcript, demonstrates [Baker] told the court he wished to be tried by a judge without a jury.   Further, while [Baker] claims counsel did not inform him the Commonwealth and the court would have to agree to a bench trial, he fails to explain how this information would have changed his decision . . . .   Additionally, it was [Baker], not [his] mother, who told the court he wished to be tried by a judge.
>
> . . .
>
> [Baker] has failed to demonstrate counsel's performance was deficient or that there is a

> reasonable probability that, but for counsel's alleged
> errors, the result of the proceeding would have been
> different." <u>Baker</u>, No. 170468, at 6.

<u>Id.</u> at 5-6.  The Supreme Court relied in part on an affidavit
from Baker's attorney at trial, which the Respondent offered in
opposition to Baker's petition to the Virginia Supreme Court for
a writ of habeas corpus.  The attorney stated,

> When the court asked Mr. Baker if he wanted a trial by
> judge or by jury, his mother, who was sitting right
> behind us was muttering 'trial by jury,' after we had
> spent time in the office and over the telephone on
> this very issue.  As such, I asked the court to allow
> us time to discuss this matter with his mother again
> since she initially had agreed to trial by judge.
>
> The ultimate decision as to whether Mr. Baker
> proceeded to trial by judge or by jury was decided by
> Mr. Baker, and the decision was based on full
> disclosure from my office.

Jackson Aff. at 3.[8]

The Supreme Court's findings on this claim are not
unreasonable determinations of fact.  The Supreme Court based
its findings on the record from the trial court and also
received evidence from Baker's attorney as was permitted to by
statute.  <u>See</u> <u>Lenz v. Warden of Sussex I State Prison</u>, 267 Va.
318, 326, (2004) (citing Va. Code § 8.01-660) (noting that
affidavits may be admitted in habeas corpus litigation at the

---

[8] Baker's attorney's affidavit is included as an exhibit to the Respondent's
Motion to Dismiss Baker's Petition in the Virginia Supreme Court, which that
court provided in its records related to Baker's Petition for Habeas Corpus
and also for his appeal of his underlying conviction.

discretion of the court hearing the petition).   Moreover, Baker has not explained how the Commonwealth benefitted from his decision to elect a bench trial, or why the outcome would have been different before a jury.   Again, Baker cannot overcome the high level of deference this court owes the findings of the Virginia Supreme Court.   The court should therefore not grant Baker's petition for a writ of habeas corpus.

### III. <u>RECOMMENDATION</u>

For the foregoing reasons, the undersigned recommends that the Respondents' Motion to Dismiss (ECF No. 5) be GRANTED, and Baker's Petition (ECF No. 1) DISMISSED with prejudice.

### IV. <u>REVIEW PROCEDURE</u>

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, <u>see</u> 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure.   Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail.   A party may respond to any other party's objections within fourteen (14) days after being served with a copy

thereof.   See Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2.   A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this Court based on such findings and recommendations.   Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the Petitioner and provide an electronic copy to counsel of record for the Respondent

/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
April 17, 2018

## Clerk's Mailing Certificate

A copy of the foregoing Report and Recommendation was mailed this date to:

Keiarre LaJohn Baker
No. 1714247
Green Rock Correctional Center
P.O. Box 1000
Chatham, Virginia 24531


and an electronic copy was provided to:

Craig Winston Stallard
Office of the Attorney General
202 North Ninth Street
Richmond, Virginia 23219


Fernando Galindo, Clerk

By_____
Deputy Clerk

_____, 2018